UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAY BRENT VINEYARD, <br> TDCJ No. 02172501, <br><br>       Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br>       Respondent. | §§§§§§§§§§§§§§ | Civil No. SA-20-CV-1077-FB and <br> Civil No. SA-21-CV-0414-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Jay Brent Vineyard's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), petitioner's supplemental memorandum in support (ECF No. 2), and respondent Bobby Lumpkin's Answer (ECF No. 27) thereto. Also before the Court are several supplemental pleadings filed by petitioner that support his request for federal habeas relief.[1] (ECF Nos. 26, 28, 33). Petitioner challenges the constitutionality of his 2017 state court conviction for driving while intoxicated, alleging, among other things: (1) trial court error, (2) ineffective assistance of counsel, and (3) a lack of subject matter jurisdiction. In his answer, respondent contends petitioner's federal habeas petition is untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1] The supplemental pleadings filed February 22, 2021 (ECF No. 28) in cause number SA-20-CA-1077-FB are identical to the pleadings filed as a petition for federal habeas corpus relief in cause number SA-21-CA-441-FB. For this reason, the Court's opinion applies to both cause numbers.

## I. <u>Procedural History</u>

In December 2017, petitioner pleaded guilty to one count of felony driving while intoxicated (repeat offender) and was sentenced to twelve years of imprisonment. *State v. Vineyard*, No. 2017CR8589 (226th Dist. Ct., Bexar Cnty., Tex. Dec. 18, 2017); (ECF No. 29-15 at 28-29). Pursuant to the plea bargain agreement, petitioner judicially confessed to committing the offense and waived his right to appeal. (ECF No. 29-14 at 43-52). As a result, petitioner did not appeal his conviction and sentence.

Instead, petitioner challenged his conviction by filing a state habeas corpus application on November 25, 2019, at the earliest. *Ex parte Vineyard*, No. 55,515-05 (Tex. Crim. App.); (ECF No. 29-12 at 19). The Texas Court of Criminal Appeals denied the application without written order on March 4, 2020. (ECF No. 29-7). Petitioner then placed the instant federal habeas petition in the prison mail system on September 1, 2020. (ECF No. 1 at 7).

## II. <u>Timeliness Analysis</u>

Respondent contends the allegations raised in petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final January 17, 2018, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the

limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on January 17, 2019.  Because petitioner did not file his § 2254 petition until September 1, 2020—over eight months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.       **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Petitioner did challenge the instant conviction and sentence by filing an application for state post-conviction relief in November 2019.  (ECF Nos. 29-12 through 29-14).  But as discussed previously, petitioner's limitations period for filing a federal petition expired in January 2019. Because the state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Thus, the instant § 2254 petition, filed September 1, 2020, is still over eight months late.

B.      **<u>Equitable Tolling</u>**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not reply to respondent's assertion of the statute of limitations in this case, nor did he provide this Court with any valid reason to equitably toll the limitations period in any of the lengthy and meandering pleadings he submitted in this case. Even with the benefit of liberal construction, petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in petitioner's federal petition (and supplemental pleadings) concern the constitutionality of his December 2017 conviction and sentence for driving while intoxicated, yet petitioner did not submit a state habeas corpus application challenging this conviction until November 25, 2019, over ten months after his conviction had already become final under the

AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, petitioner fails to provide any legitimate reason why he waited another six months after the denial of his state habeas application in March 2020 to file the instant petition in this Court.

Because petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Jay Brent Vineyard's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 13th day of May, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE